**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

AARON L. STEPHEN,

    Petitioner,

v.

NEAL JUMP,

    Respondent.

CIVIL ACTION NO.: 2:17-cv-94

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Aaron L. Stephen ("Stephen"), who is currently incarcerated at Glynn County Detention Center ("GCDC") in Brunswick, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) For the reasons which follow, the Court **DENIES** Stephen's Motion to Proceed *in Forma Papueris*, (doc. 2). Furthermore, I **RECOMMEND** that the Court **DISMISS** Stephen's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** Stephen *in forma pauperis* status on appeal.

## BACKGROUND

On August 9, 2017, Stephen filed this Petition contesting the conditions of his confinement. (Doc. 1.) In particular, Stephen claims that Respondent violated his constitutional rights by failing to provide him with an attorney and access to an adequate law library. (Id. at p. 3.) Stephen also alleges that his "conditions of confinement are exactly parrallel [sic] to a accussed [sic] terrorist being detained at [Guantanamo] Bay." (Id.)

## DISCUSSION

**I.   Whether Stephen Sets Forth Habeas Corpus Relief**

Although Stephen brings this action under 28 U.S.C. § 2241, the contentions he sets forth and the relief he seeks fall outside the purview of that statute. Stephen's claims would ordinarily be brought pursuant to 42 U.S.C. § 1983. The distinction between claims which may be brought under Section 1983 and those which must be brought as habeas petitions is reasonably well settled. Claims in which prisoners challenge the circumstances of their confinement are Section 1983 actions, not habeas actions. See, e.g., Hill v. McDonough, 547 U.S. 573, 579 (2006). Habeas actions, in contrast, explicitly or by necessary implication, challenge a prisoner's conviction or the sentence imposed on him by a court (or under the administrative system implementing the judgment). Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Thus, for example, when a prisoner makes a claim that, if successful, could shorten or invalidate his term of imprisonment, the claim must be brought as a habeas petition, not as a Section 1983 claim. See, e.g., Edwards v. Balisok, 520 U.S. 641 (1997); Heck v. Humphrey, 512 U.S. 477 (1994).

Stephen cannot bring the claims he asserts via a habeas petition. His claims concerning lack of legal services at GCDC contest the conditions of his confinement and are not cognizable pursuant to 28 U.S.C. § 2241. Moreover, he does not seek to challenge his sentence, conviction, or duration of confinement. Rather, he simply requests that Respondent or the Court provide him with an attorney. (Doc. 1, pp. 3–4.) In fact, Plaintiff clearly states in his Petition that he "has filed a 42 [U.S.C.] § 1983 petition/civil action to contest the conditions of confinement, however that may or may not be a proper remedy for the petitioner." (Id. at p. 4.)

Accordingly, the Court **DENIES** Stephen's Motion for Leave to Proceed *in Forma Pauperis*, (doc. 2). Additionally, I **RECOMMEND** that the Court **DISMISS** Stephen's Petition.

**II.     Whether Stephen can Bring his Claims Pursuant to 42 U.S.C. § 1983**

"Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." Retic v. United States, 215 F. App'x 962, 964 (11th Cir. 2007) (quoting Castro v. United States, 540 U.S. 375, 381 (2003)).  This Court may "recharacterize a *pro se* litigant's motion to create a better correspondence between the substance of the motion and its underlying legal basis." Rameses v. United States District Court, 523 F. App'x 691, 694 (11th Cir. 2013).  Federal courts "may do so in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of the motion and its underlying legal basis." Id. (quoting Castro, 540 U.S. at 381–82).

To the extent Stephen seeks relief pursuant to 42 U.S.C. § 1983, his attempt also fails. As Stephen mentions in his Petition, he has at least one pending Section 1983 action—a search of the case management system reveals two—bringing the same claims and alleging the same facts.  (Doc. 1, p. 4); see Compl., Stephen v. Austin, et al., No. 2:17-cv-93 (S.D. Ga. Aug. 7, 2017), ECF No. 1; Compl., Stephen v. Glynn Cty. Det. Ctr., No. 2:17-cv-79 (S.D. Ga. July 7, 2017), ECF No. 1.  "It is well settled that a plaintiff may not file duplicative complaints in order to expand their legal rights." Vanover v. NCO Fin. Serv., Inc., 857 F.3d 833, 841 (11th Cir. 2017) (quotations and citations omitted).  Simply because Stephen does not know whether a Section 2241 or Section 1983 action will grant him relief does not mean that he may file duplicative pleadings under both statutes. See also Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000) ("The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the 'comprehensive disposition of litigation.'") (citing Kerotest Mfg. Co. v. C-O-Two Fire

Equipment Co., 342 U.S. 180, 183 (1952)); Oliney v. Gardner, 771 F.2d 856, 859 (5th Cir. 1985) ("When a plaintiff files a second complaint alleging the same cause of action as a prior, *pending*, related action, the second complaint may be dismissed.") (emphasis in original); Walton v. Eaton Corp., 563 F.2d 66, 70 (3d. Cir. 1977) ("[I]t is clear that [plaintiff] had no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.").

Moreover, Section 1983 liability must be based on something more than a defendant's supervisory position or a theory of *respondeat superior*. Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Emp't Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct." Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011).

Here, Stephen fails to make any factual allegations that Respondent directly participated in or was otherwise causally connected to the alleged deprivation of his constitutional rights. Thus, for all the reasons stated above, Stephen cannot bring a Section 1983 action against the named Respondent.

### III.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Stephen leave to appeal *in forma pauperis*. Though Stephen has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. See Fed. R. App. R. 24(a)(1)(A) ("A party who was permitted to proceed *in forma pauperis* in the district-court action, . . ., may proceed on appeal *in forma pauperis* without further authorization, unless the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith[.]") (italics supplied). An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Stephen's Petition, the Court should **DENY** Stephen *in forma pauperis* status on appeal, as there are no non-frivolous issues to raise on appeal, and any appeal would not be taken in good faith.

**CONCLUSION**

For the above-stated reasons, the Court **DENIES** Stephen's Motion for Leave to Proceed *in Forma Pauperis*, (doc. 2). Additionally, I **RECOMMEND** that the Court **DISMISS** Stephen's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** Stephen *in forma pauperis* status on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Stephen.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 17th day of August, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA